IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TIMOTHY GRANDISON,

            Plaintiff,                            OPINION AND ORDER

v.                                                       19-cv-25-wmc

DR. DONALD STONEFELD,

            Defendant.

*Pro se* plaintiff Timothy Grandison claims that defendant Dr. Donald Stonefeld violated his Eighth Amendment and state law rights by denying her bupropion medication for misuse.  Now before the court is defendant's motion for summary judgment, on the grounds that Grandison failed to exhaust her administrative remedies with respect to her federal claim, and that Grandison failed to file a notice of claim as to her state law claim.  (Dkt. #16.)  The evidence of record establishes that Grandison failed to timely appeal the dismissal of her inmate complaint related to Dr. Stonefeld's handling of her medication.  Therefore, the court is granting defendant's motion as to the federal claim, and relinquishing jurisdiction over her state law claim.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  In other words, a prisoner must follow all the prison's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  This includes:  (1) compliance with instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718

(7th Cir. 2005); and (2) filing all available appeals "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025. *See also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

This exhaustion requirement is mandatory to afford prison administrators a fair opportunity to resolve a grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). However, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must accordingly prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendant must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In Wisconsin, prisoners must begin the exhaustion process by filing a complaint with an institution complaint examiner ("ICE") within 14 days after the incident giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). Among other requirements, a complaint must contain only one, clearly identified issue, as well as sufficient information for the department to investigate and decide the complaint. *Id.* § 310.07(5)-(6). The ICE may reject a complaint for specified reasons, *see id.* § 310.10(6), and the prisoner may appeal the rejection to the appropriate reviewing authority within 10 days. *Id*. § 310.10(10). If ICE accepts the complaint, then a recommendation is made to the reviewing authority, who in turn renders a decision. *Id*. §§ 310.10(12), 310.11. If that decision is unfavorable, then the prisoner may appeal to the corrections complaint examiner ("CCE") within 14 days, unless good cause is shown for an untimely appeal. *Id*. § 310.12(1), (6). The CCE then makes a recommendation to the DOC Secretary, who will

take final action on the complaint. *Id*. § 310.13.

The court granted Grandison leave to proceed against defendant Dr. Donald Stonefeld under the Eighth Amendment and Wisconsin law, based on her allegations that Dr. Stonefeld improperly discontinued her bupropion in June of 2018, causing Grandison physical pain and problems with anxiety and depression. Grandison filed an inmate complaint about this incident, RGCI-2018-13573, and the ICE recommended dismissal of the inmate complaint, which the reviewing authority accepted on July 16, 2018, thus dismissing RGCI-2018-13573. Grandison claims that she attempted to appeal the dismissal, but Redgranite staff gave her the wrong form. The record shows that on July 31, 2018, an ICE returned a submission to her, explaining that she had submitted a form seeking review of a rejected complaint, not the appeal form, DOC-405, and that if Grandison wanted to appeal she needed to submit the proper form. (Ex. 1001 (dkt. #18-2) 29.) Grandison says that she received that letter on August 2, 2018. That same day, Grandison submitted an appeal to the CCE, repeating her allegations against Dr. Stonefeld, complaining about a conduct report she received, and reporting depression. (Ex. 1001 (dkt. #18-2) 27.) Grandison did not explain her delay in submitting the appeal or raise any issues about her ability to obtain the proper form.

On August 7, 2018, CCE Davidson found that the appeal was not submitted within 14 days of July 16, 2018, as required by Wis. Admin. Code. § DOC 310.12, even considering the four-day grace period for the prison mailbox rule. (Ex. 1001 (dkt. #18-2) 6.) Davidson found no good cause to accept the late appeal and therefore recommended that the appeal be rejected. The Office of the Secretary accepted the recommendation and

dismissed the appeal on August 29.

Defendant seeks summary judgment because the undisputed evidence shows that Grandison failed to timely appeal the dismissal of RGCI-2018-13573. Grandison argues in opposition that she tried to timely appeal, but staff provided her the wrong form. Even accepting that Grandison received the wrong form from a staff member, Grandison cannot avoid summary judgment for two reasons.

*First*, Grandison argues that she had to rely on the staff members to give her the correct form, but that argument does not show that she was unable to timely appeal. Even if a staff member provided her the incorrect form, she does not say that a staff member affirmatively stated that the review of a rejected complaint form was the correct form. Nor does Grandison state that she asked for a DOC-405 and a staff member refused or told her that was not the correct form. And Grandison had explicit instructions directing her to use a DOC-405 form; the reviewing authority's decision itself included a paragraph at the bottom of the page instructing inmates dissatisfied with the decision to "within 14 days after the date of the decision, appeal that decision by filing a written request for review with the Corrections Complaint Examiner on form DOC-405." (Ex. 1001 (dkt. #18-2) 4.) Grandison does not represent that she requested and was denied this form. Therefore, even assuming someone handed her the wrong form, that mistake does not show that staff prevented her from timely appealing.

*Second*, by failing to bring up the reason for her delay on the appeal form, Grandison waived that argument before this court. This and other courts have concluded that the proper time for prisoners to raise a good cause argument to explain their failure to follow

4

the applicable exhaustion deadlines is to institution officials during the exhaustion process, not in the subsequent lawsuit. *Gibson v. Chester*, no. 19-c-45-pp, 2020 WL 5716055, at *7 (E.D. Wis. Sept. 24, 2020) ("[T]he place for making arguments about good cause is to the institution, not here.  Otherwise, the state's limit could simply be ignored and an inmate could come straight to federal court."); *Jones v. Nelson*, No. 15-c-831-bbc, 2018 WL 1953907, at *1-2 (plaintiff could not present argument about how grievance system was unavailable because he did not do so first to complaint examiner).  Because Grandison failed to give prison officials the opportunity to determine whether failure to timely appeal should be excused, she failed to follow the applicable exhaustion procedures.  Therefore, defendant has proven non-exhaustion and her Eighth Amendment claim will be dismissed without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice), although the dismissal will likely function as with prejudice, given that Grandison likely cannot complete the exhaustion procedures now.  The court further will relinquish jurisdiction over Grandison's supplemental state law claims, which will also be dismissed without prejudice.  *See* 28 U.S.C. § 1367(c); *Burritt v. Ditfelson*, 807 F.3d 239, 252 (7th Cir. 2015) (absent good grounds, district courts should relinquish supplemental jurisdiction over state law claims once federal claims are dismissed).

ORDER

IT IS ORDERED that:

1) Defendant Dr. Stonefeld's motion for summary judgment (dkt. #16) is GRANTED as to plaintiff's Eighth Amendment claim, and the motion is DENIED as to plaintiff's state law claim.

2) The court relinquishes jurisdiction over plaintiff's state law claim against Dr. Stonefeld.

3) Plaintiff's claims in this lawsuit are DISMISSED without prejudice.

4) The clerk of court is directed to enter judgment and close this case.

Entered this 31st day of August, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge